# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

FREDERICK WILLS,          )
                                  )
           Petitioner,          )
                                  )
    vs.                     )     Case No.  11-0308-CV-W-DW-P
                                  )
DAVE DORMIRE,          )
                                  )
           Respondent.     )

## OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS, AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, Frederick Wills, filed this <u>pro se</u> habeas corpus petition pursuant to 28 U.S.C. § 2254 on March 21, 2011, seeking to challenge his 2007 conviction and sentence for forcible rape, which was entered pursuant to a guilty plea in the Circuit Court of Boone County, Missouri.

Petitioner raises eight grounds for relief: (1) that his plea was not knowing, intelligent and voluntary because he was deprived of needed medication during his plea hearing; (2) that plea counsel was ineffective in failing to present evidence of petitioner's mental illness to the court; (3) that plea counsel was ineffective in failing to act on petitioner's written request to withdraw his open guilty plea, making petitioner's plea involuntary; (4) that the plea court failed to enter specific findings of fact and conclusions of law on petitioner's <u>pro se</u> claims presented in his Mo. Sup. Ct. Rule 24.035 motion; (5) that petitioner was denied a full and fair hearing, and is factually innocent; (6) that because of petitioner's innocence he should be allowed "leave to file additional claims of ineffective counsel, suppression of evidence, obstruction of justice, state interference and malfeasance in office when Boone County had documentary evidence questioning the truth and veracity of the alleged victim, that counsel provided petitioner with ineffective counsel, deprive[d] petitioner of

medical care, suppressed and destroyed evidence;" (7) that the court clerk, trial judge, and plea

counsel all deprived petitioner of his right to transcripts and attorney files, preventing him from

preparing a Mo. Sup. Ct. Rule 24.035 motion; and (8) that plea counsel was ineffective in telling

petitioner that he would receive a lighter sentence of fifteen years if he pled guilty, when in fact plea

counsel agreed with the prosecutor on a twenty-year sentence. Respondent contends that all of

petitioner's grounds for relief are either without merit or procedurally defaulted.

## SUMMARY OF FACTS

On appeal from the denial of petitioner's Mo. Sup. Ct. Rule 24.035 motion, the Missouri

Court of Appeals summarized the facts as follows:

> On December 5, 2006, [petitioner] pled guilty to Count II of the
> State's substitute Information, which charged him with the crime of
> forcible rape. At the guilty plea hearing, [petitioner] acknowledged
> that he understood that he was entering into an open plea of guilt,
> which meant that the circuit court would have sole discretion to
> sentence him anywhere from ten to thirty years or life in prison.
> Having evidenced a full understanding of these terms on the record,
> [petitioner] pled guilty to forcibly raping the victim.
>
> On February 5, 2007, the circuit court held a sentencing hearing, and
> sentenced [petitioner] to twenty five years in the Missouri Department
> of Corrections based on his guilty plea. Further details regarding the
> circumstances surrounding [petitioner]'s guilty plea and sentencing
> will be outlined as relevant in the analysis section herein.

(Petitioner's Exhibit C, pg. 2).

Before the state court findings may be set aside, a federal court must conclude that the state

court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432

(1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d

1533, 1540 (8th Cir. en banc 1984). It is petitioner's burden to establish by clear and convincing

evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## **GROUND 1**

In his first ground for relief, petitioner contends that he was deprived of needed medication during his plea hearing, making his plea involuntary and unknowing. On appeal from the denial of his Mo. Sup. Ct. Rule 24.035 motion, the Missouri Court of Appeals disposed of this claim as follows:

> In Point One, [petitioner] argues that the circuit court erred in denying his motion for post-conviction relief in light of the fact that his guilty plea "was not knowingly, intelligently, or voluntarily entered because he entered his plea of guilt during a time when he was being deprived of long-prescribed psychiatric medications by authorities at the Boone County Jail, and this deprivation caused him to suffer from symptoms related to his diagnosis of Paranoid Schizophrenia and rendered him unable to understand the proceedings against him or to make rational decisions."
>
> "A plea must be a voluntary expression of the defendant's choice and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences of the act." *Roberts v. State*, 276 S.W.3d 833, 836 (Mo. banc 2009). "Due process requires that a person who wishes to plead guilty must be competent to do so and must enter the plea knowingly and voluntarily." *State v. Shafer*, 969 S.W.2d 719, 731 (Mo. banc 1998).
>
> The Supreme Court of Missouri outlined the following applicable legal standards in *Wilson v. State*:

---

[1]"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

To be competent to plead guilty, Wilson had to have a sufficient present ability to consult with his attorneys with a reasonable degree of rational understanding and had to have a rational and factual understanding of the proceedings against him. *Dusky v. United States*, 362 U.S. 402, 80 S. Ct. 788, 4 L.Ed.2d 824 (1960); *Brown v. State*, 485 S.W.2d 424, 429 (Mo.1972); *Pulliam v. State*, 480 S.W.2d 896, 903 (Mo.1972). Some degree of mental retardation does not automatically render him incapable of entering a voluntary plea of guilty. *Id.* at 904; *State v. Lowe*, 442 S.W.2d 525, 529-30 (Mo.1969). Whether Wilson understood the nature of the proceedings against him and had a sufficient present ability to consult with his attorneys in this case was one of the issues properly before the motion court for determination. *Martin v. State*, 558 S.W.2d 701, 704 (Mo. App.1977).

. . . A plea may be involuntary either because the accused does not understand the nature of the constitutional protections that he is waiving . . . or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt. Without adequate notice of the nature of the charge against him, or proof that he in fact understood the charge, the plea cannot be voluntary in this latter sense.

813 S.W.2d 833, 835 (Mo. banc 1991) (quoting *Henderson v. Morgan*, 426 U.S. 637, 644, 96 S. Ct. 2253, 49 L. Ed. 2d 108 (1976)).

In rejecting his claim for post-conviction relief, the motion court expressly found that [petitioner]'s testimony that his mental illness made him unable to understand the proceedings against him or make rational decisions "to be not credible." Specifically, the motion court found the following:

First, counsel testified at the evidentiary hearing that they had meaningful conversations with [petitioner] throughout their representation of him and never felt like he did not understand what they were saying or that he was unable to make rational decisions. Counsel testified that [petitioner] discussed the pros and cons of going to trial and pleading guilty. Second, this court conducted the plea hearing, the sentencing hearing,

-4-

and the evidentiary hearing and finds that [petitioner] had no difficulty with his ability to reason or understand the proceedings.

J. 5-6.

Simply put, [petitioner] fails to demonstrate that the above findings and conclusions by the motion court were somehow clearly erroneous. [Petitioner] argues that his sudden, last minute decision to enter into an open plea of guilt somehow objectively demonstrates that because of his mental illness he did not meaningfully understand the proceedings when he pled guilty. But mentally healthy people make spur of the moment decisions for a variety of reasons, and therefore the fact that he made a swift decision to enter into an open plea of guilt, by itself, is insufficient to demonstrate that he did not knowingly and intelligently plead guilty.

In this Point, [petitioner] relies heavily on his mental health records from Illinois (Exhibit # 5) in an attempt to demonstrate that the motion court erred in accepting his guilty plea in light of the fact that he "has a variety of mental health diagnoses," including "Paranoid Schizophrenia," "Post-Traumatic Stress Disorder," "Intermittent Explosive Disorder," "Depression," and "Antisocial Personality Disorder." (citing to Exhibit 5). [Petitioner] notes that his records show that he had been "prescribed Thorazine, Zyprexa, Trazadone, Elavil, Mellaril, Prolixin, and Geodon" for these conditions.

The crux of [petitioner]'s argument is not merely that he had "mental health diagnoses," but rather that "he was being deprived of long-prescribed psychiatric medications by authorities at the Boone County Jail" causing him "to suffer from symptoms related to his diagnosis of Paranoid Schizophrenia." However, [petitioner] ignores the fact that, beyond his own self-serving testimony, he produced no competent evidence to prove that he was being deprived of any such medication by the jail, or that he was in fact suffering from the symptoms that he described. "The movant bears the burden of proving his post-conviction claims by a preponderance of the evidence." *Dorsey v. State*, 156 S.W.3d 825, 830 (Mo. App. W.D. 2005) (citing Rule 29.15(i)). "At a post-conviction relief evidentiary hearing, the motion court determines the credibility of the witnesses and is free to believe or disbelieve the testimony of any witness, including that of the Movant." *Hurst v. State*, 301 S.W.3d 112, 117 (Mo. App. E.D. 2010).

Here, the trial court, who was present at each stage of these

-5-

proceedings and had the opportunity to observe [petitioner], expressly found that "[petitioner]'s testimony in this regard [is] not credible." J. 5. "'We presume that the motion court's findings and conclusions are correct, and defer to the motion court's determinations of credibility.'" *Hurst*, 301 S.W.3d at 117 (quoting *Clay v. State*, 297 S.W.3d 122, 124 (Mo. App. S.D. 2009)). Indeed, we find that the trial court's findings and conclusions are supported by the record on appeal. The guilty plea transcript reflects that [petitioner] was able to understand, follow, and meaningfully participate in his guilty plea. "While a defendant's demeanor may not be dispositive of his or her competency to stand trial, the court is certainly free to consider demeanor when determining competency and give it the weight it determines is warranted." *Hubbard v. State*, 31 S.W.3d 25, 36 (Mo. App. W.D. 2000) (internal citations omitted). Moreover, [petitioner]'s own testimony at the post-conviction relief hearing confirmed that he believed he was "competent to enter a plea for 15 years," thus allowing the motion court to conclude that [petitioner]'s claim was motivated by his dissatisfaction with the length of his sentence as opposed to his mental capacity at the time he pled guilty.

At argument, [petitioner] directs us to the case of *State v. McCurry-Bey*, 298 S.W.3d 898 (Mo. App. E.D. 2009), as controlling in this matter. However, *McCurry-Bey* is easily distinguishable. In that case, the defendant produced two licensed psychologists, one of whom had been originally retained by the State, who had recently evaluated him and who testified that the defendant was incompetent to stand trial. *Id.* at 900. To counter this expert testimony by the defendant's witnesses, the State did not produce any medical testimony regarding the defendant's mental condition, but relied instead on the observations of the trial court throughout the trial. *Id.* at 901-02. In the case at bar, there was no medical testimony at the hearing, and [petitioner] relied upon past medical records to try to establish his incompetence at the present time. Without expert medical testimony as to [petitioner]'s current medical condition, the trial court was justified in basing the decision on his observations throughout the proceedings and the testimony of [petitioner]'s counsel. *Azbell v. State*, 144 S.W.3d 863, 872 (Mo. App. S.D. 2004) ("Despite Movant's letters, the record shows nothing in Movant's demeanor, mannerisms, or responses that would raise suspicion that he was incompetent to plead guilty or proceed.").

Moreover, [petitioner] produced no evidence at the hearing to establish whether the Boone County Jail had any record of dispensing or failing to dispense medication to him. Thus, the motion court was left, by [petitioner], to speculate whether under his argument the Jail

-6-

was simply not on notice that he was supposed to be receiving medication, or whether the Jail engaged in an intentional, purposeful withholding of prescribed medication. Without such evidence, the motion court was not precluded from inferring that the Jail had records that established that [petitioner] was, in fact, being given his medication as prescribed, and thus he was being treated for his mental health maladies. *See generally*, *State v. Davis*, 965 S.W.2d 927, 930 (Mo. App. W.D. 1998) ("The prosecution may argue an adverse inference from a defendant's failure to produce evidence which could be reasonably expected to be in the defendant's favor.").

Furthermore, [petitioner] failed to specify in his motion for post-conviction relief or in his testimony which medications that he was currently prescribed that he was allegedly not being given by the Jail. He also failed to put forth credible evidence to demonstrate how the failure to receive these specific medications would cause him to be unable to knowingly and voluntarily plead guilty. Again, [petitioner] relies solely on his self-serving testimony and his past Illinois medical records in attempt to demonstrate that he was incompetent to plead guilty "[s]ince his symptoms without medication cause him to be paranoid and cause him to think that people are different people."

Even when assuming *arguendo* that [petitioner] failed to receive one or more of his medications, this alone was insufficient to demonstrate on appeal that the trial court erred. *Azbell*, 144 S.W.3d at 872 ("[T]he record refutes his allegations that the voluntariness of his guilty plea was affected by any denial of psychotropic drugs at the time surrounding his guilty plea. Thus, we cannot say that the court's findings and conclusions were clearly erroneous, particularly the court's finding that, given the circumstances, Movant was not prejudiced by any apparent denial of his psychotropic drugs during the time he was initially held in custody at the Greene County Jail."). We have no qualm with the general proposition that someone with paranoid schizophrenia could have severe psychotic reactions to the failure to receive a specific anti-psychotic medication, but this generality by itself is insufficient to demonstrate that the motion court clearly erred in failing to grant [petitioner]'s motion for post-conviction relief. *Id.* No medical expert testified to support [petitioner]'s specific claim at the post-conviction relief hearing, and thus the motion court again was left to speculate as to how the failure to receive such medication(s) would prevent [petitioner] from knowingly and voluntarily pleading guilty. n.3

n.3 [Petitioner] insinuates that his

medical records, by themselves, were all the evidence that was needed to demonstrate that the failure to receive his "medications" rendered him incompetent to plead guilty. Exhibit 5 is predominately a history of what medications [petitioner] was receiving while incarcerated in Illinois, but these records alone were insufficient to make the requisite showing to prove that the failure to take any of one these medications would have had a specific adverse affect on him. Moreover, Exhibit 5 did contain a report from a medical professional with the initials "kft" from 2002 that notes, among other things, "[p]atient believes that he is better with the Zyprexa and since he is claiming psychotic symptoms with response to an antipsychotic, this appears to be appropriate." *Id.* at 2 (emphasis added). In this sense, Exhibit 5 demonstrates why, without supporting expert testimony, the motion court would be warranted in rejecting [petitioner]'s claim as presented.

Finally, [petitioner] argues that his inability to knowingly and intelligently plead guilty was supported by "his testimony that he was found to have diminished capacity in prior criminal proceedings in Illinois." However, he failed to offer any records from the Illinois court to support this allegation. If such a finding were actually made in a previous court proceeding, these court records would be relatively easy to obtain to present as evidence before the motion court. *State v. Gebhardt*, 725 S.W.2d 628, 630 (Mo. App. E.D. 1987) ("The juvenile court records were in existence long before the trial . . . Any material relevant to defendant's claim of diminished capacity could have been obtained from those records before trial.").

The trial court judge was in a much better position to see, hear, and evaluate the behavior and testimony of [petitioner] in each of these hearings. We will defer to his factual findings in this regard.

For all of the aforementioned reasons, Point One is denied. n.4

-8-

> n.4 [Petitioner] argues in Point One
> that his trial counsel failed to respond
> to his requests that counsel pursue his
> mental health issues prior to him
> pleading guilty. As [petitioner] notes,
> however, this is the substance of his
> second Point, and therefore we will
> address those issues in Point Two to
> avoid duplicative analysis.

(Respondent's Exhibit C, pp. 3-10).

The resolution of ground 1 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 412 (2000).[2]

Ground 1 is denied.

### GROUNDS 2 & 3

Petitioner's second and third grounds for relief concern ineffective assistance of counsel. In his second ground for relief, petitioner contends that plea counsel was ineffective in failing to present evidence of petitioner's history of mental illness to the court. In his third ground for relief, petitioner contends that counsel was ineffective in failing to act upon petitioner's written request to withdraw

---

[2]According to the concurrence of Justice O'Connor, joined by four other members of the Court, "under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

Case 4:11-cv-00308-DW   Document 27   Filed 03/30/12   Page 9 of 21

his open guilty plea.

Federal habeas review of petitioner's ineffective assistance of counsel claim is "doubly deferential." Knowles v. Mirzayance, 556 U.S. 111, 129 S. Ct. 1411, 1420 (2009). First, petitioner must overcome the high bar of Strickland v. Washington, 466 U.S. 668 (1984), by showing that (1) counsel's performance fell below an objective standard of reasonableness; and (2) petitioner was sufficiently prejudiced such that "the result of the proceeding would have been different." Id. at 688, 694. Second, under 28 U.S.C. § 2254, petitioner must show that the state court's adjudication of his ineffective assistance claim was "unreasonable." Harrington v. Richter, ___ U.S. ___, 131 S. Ct. 770, 788 (2011). Both the Strickland standard and the standard set forth in § 2254 are highly deferential. Ultimately, "[t]he question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Richter, 131 S. Ct. at 788.

On appeal from the denial of petitioner's Mo. Sup. Ct. Rule 24.035 motion, the Missouri Court of Appeals disposed of grounds 2 and 3 as follows:

[ground 2]

> In Point Two, [petitioner] argues that the motion court erred in denying his motion for post-conviction relief because he received ineffective assistance of counsel prior to pleading guilty "in that counsel failed to respond to [petitioner]'s requests to present evidence of his long history of serious mental illness to the court, and counsel had no reasonable explanation for failing to act on these requests, which prejudiced [petitioner] because there is a reasonable probability that if counsel had presented this information, the court would have been required to order a mental examination and the results could have precluded the court's acceptance of the plea altogether."

> "'To be entitled to post-conviction relief for ineffective assistance of counsel, the movant must satisfy a two-prong test.'" Glaviano v. State, 298 S.W.3d 112, 117 (Mo. App. W.D. 2009) (quoting Zink v. State, 278 S.W.3d 170, 175 (Mo. banc 2009)). "The movant must show that his counsel failed to exercise the level of skill and diligence that a

-10-

reasonably competent counsel would exercise in a similar situation and that trial counsel's failure prejudiced the defendant." *Id.*

"However, by entering a plea of guilty, a defendant waives every claim of error except claims involving the voluntariness or understanding of the plea." *Herriford v. State*, 295 S.W.3d 904, 906 (Mo. App. W.D. 2009). As it pertains to pleading guilty when one later claims mental health issues at the time of the guilty plea, this Court has held the following:

> Normally to satisfy the prejudice prong in the context of a guilty plea, a movant must show a reasonable probability that, but for counsel's unprofessional errors, he would not have pleaded guilty and would instead have insisted upon going to trial. . . . However, a movant's claim that his or her counsel was ineffective for failing to properly investigate his or her mental health status and present such information to the court does not lend itself very well to the outcome test in *Strickland*. Since to allow an incompetent person to plead guilty is a *per se* due process violation, whether an incompetent person would still have pled guilty despite his or her counsel's ineffective assistance is irrelevant. Instead, in such a situation, with respect to the prejudice prong of a claim of ineffective assistance of counsel, the movant need only demonstrate a reasonable probability that he was incompetent, sufficient to undermine confidence in the outcome. This is a lower burden of proof than the preponderance standard. As such, in the context of a guilty plea where the movant has alleged that he or she was incompetent to plead guilty and his or her counsel was ineffective for failing to adequately investigate his or her mental health status, in determining whether the movant was prejudiced by his or her counsel's ineffective assistance, the motion court must first determine whether there was a reasonable probability that the movant was incompetent. If the motion court determines that there was not a reasonable probability that the movant was incompetent, the inquiry can proceed to a second level, where the court determines whether the movant, but for his or her counsel's unprofessional errors, would not have pleaded guilty and would instead have insisted upon going to trial.

-11-

*Hubbard v. State*, 31 S.W.3d 25, 38 (Mo. App. W.D. 2000) (citations and internal quotation marks omitted).

Here, [petitioner] claims that he received ineffective assistance of counsel at his guilty plea and at his sentencing hearing. Accordingly, we analyze these claims separately.

To begin with, [petitioner] asserts that because he lacked the mental capacity to enter a guilty plea on the date in question pursuant to Section 552.020, the trial court erred in denying his motion for post-conviction relief. But for the reasons expanded upon at length in Point One, [petitioner] has failed to demonstrate even a reasonable probability that he was incompetent at the time he pled guilty. Simply put, [petitioner] has failed to adduce any credible evidence that would have given the motion court "reasonable cause to believe that the accused lacks mental fitness to proceed" at the time of his guilty plea. Section 552.020. Therefore, [petitioner]'s plea counsel was not ineffective in this regard.

Moreover, [petitioner] cannot demonstrate that he was prejudiced by his trial counsel's failure to present this evidence of his mental health prior to his guilty plea because he has not put forth credible evidence that, but for his alleged counsel's unprofessional errors, he would not have pled guilty and would instead have insisted upon going to trial. *Hubbard*, 31 S.W.3d at 38. On appeal, [petitioner] asserts that he was prejudiced by the alleged ineffective assistance of his plea counsel merely because the mental health information "could have precluded the court's acceptance of the plea altogether," which is not a tenable argument for the reasons set forth above.

[Petitioner] does not argue on appeal that had he been ordered to receive a competency examination by the motion court pursuant to Section 552.020, this would have somehow given him a clearer understanding of his case, thus motivating him to fight the charges through a jury trial. Rather, the record on appeal reflects merely that [petitioner] was dissatisfied with the length of his sentence, which is insufficient to demonstrate prejudice on appeal. n.5 "[I]f a Rule 24.035 motion were available to anyone who would have not agreed to the plea if his attorney could have possibly gotten him a better plea deal, it is hard to imagine a defendant who would not meet that standard-a standard that does not exist under the law." *Herriford*, 295 S.W.3d at 907. "Instead, the requirement for a plea to be found involuntary is that, absent the alleged ineffective plea counsel's error, the defendant would not have been induced to agree to the plea." *Id.* "Consequently, though [petitioner's] attempts to frame his claim of

-12-

attorney error as an issue affecting his voluntary acceptance of his guilty plea, this argument fails because he does not assert that but for his counsel's failure to investigate his mental illness prior to plea negotiation, he would not have accepted the plea that he ended up accepting." *Id.*

> n.5 [Petitioner] testified at his post-conviction relief hearing that he "wanted to go to trial," but this declaration by itself does not explain how his desire to go to trial was predicated on his attorney's failure to present this mental health evidence to the court prior to his guilty plea. Rather, [petitioner]'s statement was made in the context of him articulating his desire to receive or negotiate a better plea deal, which is not a basis by itself for relief on appeal.

[Petitioner] also argues that he received ineffective assistance of counsel because his plea counsel failed to present evidence pertaining to his mental conditions at his sentencing hearing. The trial court made the following findings and conclusions as it pertained to this claim:

> Movant claims that his counsel was ineffective for failing to argue, as mitigation during sentencing, Movant's long history of mental illness and treatment. Counsel testified that Movant never discussed his mental history with counsel and he did not recall that being an issue that was raised. This court finds counsel's testimony credible. This court also notes that Movant mentioned his mental history to the SAR writer and thus, that information was before the court. This court also finds that even considering the evidence of mental health that Movant presented at the evidentiary hearing, this court's determination of the sentence would not have changed. Counsel was not ineffective and Movant was not prejudiced.

J. 4.

[Petitioner]'s inability to demonstrate prejudice from the absence of the evidence pertaining to his mental health at the sentencing hearing

-13-

is dispositive of this issue. To demonstrate prejudice, the movant must "show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Simmons*, 955 S.W.2d 729, 746 (Mo. banc 1997). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

Before this Court, [petitioner] fails to respond to the trial court's critical finding and conclusion that when "considering the evidence of mental health that Movant presented at the evidentiary hearing, this court's determination of the sentence would not have changed." n.6 Accordingly, it is difficult to discern how [petitioner] was even plausibly prejudiced by the failure to present the evidence pertaining to his mental health at the sentencing hearing. Because [petitioner] knowingly and intelligently entered into an open guilty plea (during which it was explained to him by the Court that he could be sentenced anywhere from ten to thirty years or life in prison), we deny Point Two.

> n.6 The instant case is distinguishable from *Vaca v. State*, No. SC 90554, 314 S.W.3d 331, 2010 Mo. LEXIS 176, 2010 WL 2513795 (Mo. banc June 15, 2010), because (among other reasons) in *Vaca* the Supreme Court of Missouri dealt with the issue of jury sentencing. Here, because the motion court was the court that sentenced [petitioner], it was in a unique position to conclude that no prejudice followed to [petitioner] by his attorney's failure to submit this mental health evidence at the sentencing hearing.

[ground 3]

In Point Three, [petitioner] argues that the motion court erred in denying his motion for post-conviction relief in light of the fact that he received ineffective assistance of counsel "because counsel unreasonably failed to act on a written request to withdraw his open plea of guilty prior to sentencing." We disagree.

Rule 29.07(d) pertains to a "Withdrawal Of Plea Of Guilty" and states that "[a] motion to withdraw a plea of guilty may be made only before

-14-

sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." "The accused is not entitled to withdraw a guilty plea as a matter of right; such relief is reserved for extraordinary circumstances, such as a showing of fraud, mistake, misapprehension, fear, persuasion, or the holding out of false hopes." *State v. Taylor*, 929 S.W.2d 209, 215 (Mo. banc 1996). "If a defendant is misled or induced to enter a plea of guilty by fraud, mistake, misapprehension, coercion, duress or fear, then the defendant should be permitted to withdraw the plea." *Dobbins v. State*, 187 S.W.3d 865, 867 (Mo. banc 2006).

In rejecting [petitioner]'s post-conviction relief motion, the motion court made the following findings and conclusions:

> Movant claims that his counsel was ineffective because counsel failed to honor his request to withdraw his 'open' plea and to waive his SAR, accepting the State's offer of 20 years in the Missouri Department of Corrections. The evidence established that Movant had sent a letter after his plea of guilty but prior to his sentencing to counsel requesting that his plea be withdrawn and that he accept the 20 year offer [previously] made by the State. Counsel testified that they did not recall ever seeing that letter. Regardless, Movant's claim must fail [because] Movant's claim is simply a claim of "buyer's remorse" which is not a valid reason to allow a guilty plea to be withdrawn."

J. 3.

Here, [petitioner] has failed to demonstrate that had his plea counsel filed the motion to withdraw the guilty plea, he would have been allowed to withdraw his guilty plea. Of course, [petitioner] needs to make this showing in order to demonstrate that he was prejudiced by his attorney's alleged ineffective assistance of counsel. *See generally*, *State v. Hunter*, 840 S.W.2d 850, 870 (Mo. banc 1992) ("The post-conviction court was not clearly erroneous in finding counsel was not ineffective for failing to investigate and file a meritless motion to suppress defendant's confession.").

[Petitioner] argues that the record supports his argument that he had good cause to withdraw his guilty plea in light of the fact that he did

-15-

not understand the terms of his guilty plea because of his counsel's ineffective assistance of counsel. We disagree.

[Petitioner] cites to *Dobbins* for the proposition that "[p]rejudice can be shown when counsel's ineffectiveness caused movant to enter an open plea rather than accepting a more favorable plea agreement," but the Supreme Court of Missouri did not announce such a broad holding in that case. In *Dobbins*, the Court reversed and remanded the motion court's denial of post-conviction relief based on the fact that the defendant's guilty plea was not entered in a knowing and voluntary fashion. 187 S.W.3d at 867. In so holding, the Court found that defendant had "relied on his attorney's [mistaken] advice that, whatever sentence he received, he would be eligible to petition for early release pursuant to section 558.046 upon completion of a detoxification and rehabilitation program." *Id.* at 866. The fact that this "advice was incorrect" was essential to the trial court's holding that defendant received ineffective assistance of counsel. *Id.* at 867.

While he argues that "he felt he was misled" by counsel and that his plea deal was "clouded with confusion," [petitioner] fails to cite to anything other than his own testimony at the post-conviction hearing to support such baseless allegations. The plea transcript demonstrates that [petitioner] was properly advised that he was entering into an "open plea" from which he could be sentenced by the court from ten to thirty years or life in prison. In addition, [petitioner] affirmatively acknowledged that if the court chose to sentence him beyond what his counsel or the State argued for at the sentencing hearing, that the court would not allow him to withdraw the plea of guilty.

[Petitioner] argues that his plea "was neither knowing nor voluntary" because he realized after he pled guilty "that with his background in Illinois he did not think there was any way that Judge Hamilton would give him any less time than the State's recommendation" of twenty years imprisonment. "The expectation that a defendant will receive a lesser sentence or a disappointed hope of a lesser sentence does not make a plea involuntary." *Redeemer v. State*, 979 S.W.2d 565, 572 (Mo. App. W.D. 1998).

We can understand [petitioner]'s frustration that he entered into an "open plea" that resulted in him being sentenced to twenty five years imprisonment, when he had previously refused the State's offer to plead guilty for twenty years imprisonment. But this fact alone does not establish that he is entitled to post-conviction relief. Specifically, the record reflects that [petitioner] had an understanding that he could receive up to life in prison, and that he entered the open plea because

-16-

this was his only possibility through pleading guilty to receive a sentence that was less than the twenty year sentence offered by the State. Because [petitioner] has failed to allege or prove sufficient facts to support his motion for post-conviction relief, this claim must be denied.

Point Three is denied.

(Respondent's Exhibit C, pp. 10-17).

The resolution of grounds 2 and 3 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Williams, 529 U.S. at 412. Applying the Richter standard of review to the facts as set forth in the record, a reasonable argument can be made that counsel's actions did not fall outside of the wide spectrum of allowable representation under Strickland. Richter, 131 S. Ct. at 788.

Grounds 2 and 3 are denied.

## GROUND 4

In ground four, petitioner contends that the motion court erred in overruling his Mo. Sup. Ct. Rule 24.035 motion because that court did not issue findings of fact and conclusions of law on all issues presented. However, an infirmity in a state post-conviction proceeding does not state a cognizable ground for relief in a federal habeas proceeding, "[b]ecause there is no federal constitutional requirement that states provide a means of post-conviction review of state convictions." Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990); see also 28 U.S.C. § 2254(a) (a district court shall entertain an application for a writ of habeas corpus . . . only on the ground that [the

-17-

petitioner] is in custody in violation of the *Constitution* or *laws or treaties of the United States*)
(emphasis added). Petitioner's federal rights were not violated by any alleged infirmity in his state
post-conviction proceedings.[3]

Ground 4 is denied.

## GROUNDS 5-8

Grounds 5-8 are as follows: (5) that petitioner is innocent, and that he was denied a "full and
fair hearing;" (6) that because of his innocence, petitioner should be allowed to file additional claims;
(7) that petitioner was deprived of his right to transcripts of his proceedings and attorney files by
various court officials; and (8) that plea counsel was ineffective in telling petitioner that he would
receive a lighter sentence of 15 years if he pled guilty, when in fact counsel had agreed with the State
on a twenty-year sentence.

Respondent correctly maintains that grounds 5-8 are procedurally defaulted. In Coleman v.
Thompson, 501 U.S. 722 (1991), the Supreme Court held:

> In all cases in which a state prisoner has defaulted his federal claims
> in state court pursuant to an independent and adequate procedural rule,
> federal habeas review of the claims is barred unless the prisoner can
> demonstrate cause for the default and actual prejudice as a result of
> the alleged violation of federal law, or demonstrate that failure to
> consider the claims will result in a fundamental miscarriage of justice.

Id. at 750. Cause, actual prejudice, and the probability of a "fundamental miscarriage of justice" are
to be judged under criteria set out in Wainwright v. Sykes, 433 U.S. 72 (1977), and Murray v.

---

[3]Furthermore, it is plainly apparent that petitioner's claim is without merit. As noted by the
Missouri Court of Appeals, petitioner's post-conviction relief counsel filed an amended Rule 24.035
motion in the Circuit Court, which superceded petitioner's previous pro se motion. Under Mo. Sup. Ct.
Rule 24.035(g), the amended Rule 24.035 motion did not incorporate the previous pro se claims, and the
Circuit Court was only required to address the arguments raised by counsel in the amended Rule 24.035
motion. (See Respondent's Exhibit C, pg. 18).

-18-

Carrier, 477 U.S. 478 (1986). Coleman, 501 U.S. at 748-50.

A review of the record reveals that petitioner defaulted grounds 5-8 by not raising them on appeal from the denial of his Mo. Sup. Ct. Rule 24.035 motion. Rather, petitioner's brief on collateral appeal raised the same claims as grounds 1-4 of this petition. (See Respondent's Exhibit B).

Because grounds 5-8 have been defaulted, they may not be reviewed by this Court unless petitioner can demonstrate cause and actual prejudice, or that failure to consider his claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. 722, 750 (1991). This Court will not reach the "prejudice" component of the analysis unless it first finds that the petitioner has demonstrated "cause" for his procedural default.

Petitioner fails to show cause for his procedural default. Even though petitioner has failed to demonstrate cause (and, therefore, we do not consider prejudice) for his procedural default, the Court can still reach the merits of his claims if he can show that he is "probably actually innocent" of the crimes for which he was convicted. Bowman v. Gammon, 85 F.3d 1339, 1346 (8th Cir. 1996), cert. denied, 520 U.S. 1128 (1997). To demonstrate his innocence, petitioner must satisfy a two-part test: First, he must support his allegations of constitutional error "with new reliable evidence . . . that was not presented at trial." Second, he must establish "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id., citing Schlup v. Delo, 513 U.S. 298 (1995).

In grounds 5 and 6, petitioner claims that he is actually innocent. However, he presents no convincing evidence of his innocence. The Court has thoroughly reviewed petitioner's Exhibits. (Doc. No. 1, Exhibits). The Exhibits include various documents relating to petitioner's mental health and his relationship with plea counsel. However, none of the documents suffice to show that

-19-

petitioner's guilty plea was unknowing or involuntary. Even assuming petitioner has one or more mental illnesses, he has not shown that he was off his prescribed medication during his plea hearing.

Also among the Exhibits provided are copies of petitioner's guilty plea and his sentencing hearing. These transcripts display a proper colloquy between petitioner and the judge who accepted his plea, during which petitioner acknowledged that he understood the proceedings, and that he had not been intimidated or threatened into accepting the plea deal. Further, petitioner presents evidence of his victim's criminal history, in an apparent effort to discount her credibility. However, such evidence does not demonstrate petitioner's innocence. Rather, it merely would be evidence for the jury to weigh concerning the victim's credibility had the case proceeded to trial.

Petitioner has failed to show cause for his default of Grounds 5-8. He does not show that a manifest injustice will occur if these grounds are not reviewed on the merits, and he has failed to meet the Schlup standard for actual innocence. Id. Therefore, federal review of grounds 5-8 is barred.

Grounds 5-8 are denied, and the case will be dismissed, with prejudice.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

## ORDER

Accordingly, it is **ORDERED** that:

(1) the above-captioned petition for writ of habeas corpus is denied;

(2) this case is dismissed with prejudice; and

(3) the issuance of a certificate of appealability is denied.


            /s/ Dean Whipple
            DEAN WHIPPLE
            UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: March 30, 2012.